IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 1:21-cr-00513-RBW-1 |
| ) | |
| WILLIAM WATSON ) | |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

**COMES NOW** the Defendant, **WILLIAM WRIGHT WATSON,** by and through undersigned counsel and hereby moves this Court to vacate the status conference set in this case for July 25, 2022, and to continue the status conference for 90 days. The Defendant also agrees to the exclusion of this time from the Speedy Trial Act, 18 U.S.C. §3161 *et seq.,* on the basis that the ends of justice outweigh the interest of the public and the defendant in a speedy trial. In support of this motion, the Defendant offers the following:

**PROCEDURAL HISTORY**

Mr. William Watson was charged via criminal complaint (Doc. 1) on January 17, 2021 with offenses related to the demonstration that occurred on the grounds of the United States Capitol on January 6, 2021. Mr. Watson was arrested on May 4, 2021, on the arrest warrant (Doc. 8) for the criminal complaint. Mr. Watson was released on personal recognizance bond on May 10, 2021. (Doc. 9).

Mr. Watson was indicted on eight counts (Doc. #13) on August 6, 2021, and he was later arraigned on October 12, 2021. The Court issued a protective order (Doc. 19) regarding the handling of confidential materials disclosed by the Government.

Since that date, the Government has made several disclosures of individualized and

1

global discovery to Mr. Watson. The latest disclosures were made on July 20, 2022. The government and defendant have begun the process of plea negotiations and believe that a plea agreement will be forthcoming. Failing successful plea negotiations, Defendant and the Government will need reasonable time to prepare for trial and will request a trial date. As indicated in previous motions to continue filed by the Government, the Defendant views discovery at the office of undersigned counsel and therefore discovery review takes considerable time.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id*. Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law,

Case 1:21-cr-00513-RBW   Document 32   Filed 07/22/22   Page 2 of 5

global discovery to Mr. Watson. The latest disclosures were made on July 20, 2022. The government and defendant have begun the process of plea negotiations and believe that a plea agreement will be forthcoming. Failing successful plea negotiations, Defendant and the Government will need reasonable time to prepare for trial and will request a trial date. As indicated in previous motions to continue filed by the Government, the Defendant views discovery at the office of undersigned counsel and therefore discovery review takes considerable time.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id*. Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law,

2

> that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. . . .
>
> (iii) Whether the failure to grant such a continuance in a case which, taken as a whole,
>
> is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." Bloate v. United States, 559 U.S. 196, 197 (2010) (citing §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. See, e.g., United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985); United States v. Hernandez, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, the ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors listed in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The discovery in this case is extremely voluminous and took considerable time to review. The parties have begun plea negotiations and are hopeful to resolve this case via plea agreement.

Defense Counsel has notified the Assistant United States Attorney of the filing of this motion, and she consents to this motion on the Government's behalf.

Wherefore, the Defendant respectfully requests that this Court grant the motion to continue the status conference set for July 25, 2022 for an additional ninety days from the date the Court enters its order. Mr. Watson agrees to the exclusion of this time from the speedy trial calculations under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

Dated this 22nd day of July 2022.

                              Respectfully submitted,

                              **s/ Cecilia Vaca**
                              **CECILIA VACA**
                              Bar No.: LA27157
                              Bar No.: AZ025907
                              Federal Defenders
                              Middle District of Alabama
                              817 South Court Street
                              Montgomery, AL 36104
                              TEL:   (334) 834-2099
                              FAX:   (334) 834-0353
                              E-Mail: Cecilia_Vaca@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:21-cr-00513-RBW-1 |
| | ) | |
| WILLIAM WATSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**s/ Cecilia Vaca**
**CECILIA VACA**
Bar No.: LA27157
Bar No.: AZ025907
Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Cecilia_Vaca@fd.org

5