**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-513 (RBW)** |
| | : | |
| **WILLIAM WRIGHT WATSON,** | : | |
| | : | |
| **DEFENDANT.** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR UNITED STATES**
**MARSHALS SERVICE TRAVEL FUNDS**

The United States hereby opposes Defendant William Wright Watson's Motion to Court to Issue Order to the United States Marshal Service to Provide Transportation, Lodging and Per Diem Allowance for Mr. Watson. ECF 44. Because Defendant has not shown he is unable to pay for transportation from his residence in Auburn, Alabama to Washington, D.C., the Court should deny his motion. Even if Defendant could establish eligibility under 18 U.S.C. § 4285 for funds to travel to Washington, D.C., he is not entitled to lodging or subsistence during the stipulated trial, or for return travel to Alabama afterward.

**A.  Procedural Background**

On January 17, 2021, a complaint was filed charging the Defendant with two felony offenses and one misdemeanor offense arising from his conduct on January 6, 2021: Civil disorder in violation of 18 U.S.C. § 231(a)(3): Entering and Remaining in a Restricted Building or Grounds while Using or Carrying a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) and Violent Entry and Disorderly Conduct in the Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D). ECF 1.

1

On August 6, 2021, the grand jury returned an eight-count indictment charging the Defendant with: Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2; Destruction of Government Property, in violation of 18 U.S.C. §§ 1361, 2; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A), Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A); and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Act of Physical Violence in the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(F); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). ECF 13.

On October 27, 2022, the Court ordered the parties to appear for a stipulated trial before the Court on November 18, 2022 at the E. Barrett Prettyman United States Courthouse in Washington, D.C. ECF 42. The Defendant then moved for the Court to order the U.S. Marshals Service to provide Defendant with transportation, lodging, and a per diem stipend to facilitate Defendant's travel from his home in Auburn, Alabama to Washington, D.C. to attend this stipulated trial. ECF 44.

## B.  Factual Background

At 1:00 p.m., on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered

outside the U.S. Capitol. As early as 12:50 p.m., certain individuals in the crowd forced their way through, up, and over erected barricades. The crowd, having breached police officer lines, advanced to the exterior façade of the building. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol. At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers.

An affidavit supporting the criminal complaint against the Defendant partially describes his role in the January 6, 2021, attack on the Capitol. ECF 1-1. Among other facts, the affidavit reveals that the Defendant was one of the first rioters to enter the Capitol building at the initial breach point at the Senate wing doors. Defendant climbed through a partially broken window, breaking the remaining portion of the pane as he entered. After destroying the window, the Defendant did not appear to engage in any other acts of physical violence inside the building, though he did carry a can of mace with him while he was inside.

## ANALYSIS

Defendant resides in Auburn, Alabama. ECF 44. He requests under 18 U.S.C. § 4285 that the Court order the U.S. Marshals Service to furnish him with "the necessary transportation, lodging (if necessary) and an amount of money for subsistence to Washington, D.C. for his stipulated trial." ECF 44 at 2. However, while Defendant's motion references particular indications of his indigency, Defendant did not provide a declaration, affidavit, or other evidence in support of his motion to establish that he is

without means to pay for his transportation while traveling from Auburn, Alabama to Washington, D.C. for the stipulated trial. Accordingly, the Court should deny Defendant's motion because he has failed to establish that he is unable to pay for transportation to the site of court and, therefore, he is not entitled to the relief he seeks.

Additionally, even if Defendant could establish that he is unable to pay for his noncustodial transportation and subsistence while traveling from Alabama to Washington, D.C. for his stipulated trial, Defendant is not entitled to lodging or subsistence during trial or noncustodial transportation and subsistence post-trial in returning to Alabama.

Title 18, United States Code, Section 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285. Under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served" order the U.S. Marshal to provide a defendant with funds for noncustodial transportation while traveling to the judicial district or a division within the same judicial district for court proceedings. *Id.* Expenses for subsistence under § 4285 is limited to an amount of money to a defendant's destination. *Id.* The district court or magistrate judge, however, must first be "satisfied, after appropriate inquiry, that the

defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.; see also United States v. Forest*, 597 F. Supp. 2d 163, 165–166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

Since passage of § 4285, defendants have requested that courts go beyond the plain text of § 4285 and order the U.S. Marshals Service to pay expenses or reimbursement of expenses for a defendant's noncustodial transportation and subsistence to the judicial district where a matter is pending, through the conclusion of the proceedings, and for noncustodial transportation and subsistence from the judicial district or division where proceeding was held back to a defendant's residence outside the judicial district or division. Courts have rejected this approach. For example, this Court in *United States v. James,* 762 F. Supp. 1, 2 (D.D.C. 1991), denied a Massachusetts defendant's *ex parte* motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because "while the statute authorizes payment to travel to the court, once at the site of court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; *see also United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave*, 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not

authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno,* No. 09CR3120–L, 2009 WL 3334144, at *1 (S.D. Cal. 2009)(granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial.").

A court may also deny a § 4285 motion as not being in the interest of justice. Recently, in a context relevant here, Chief Judge Beryl A. Howell in *United States v. Devin Rossman*, No. 1:22-cr-280-BAH (minute order, Oct. 14, 2022), denied a defendant's motion under § 4285 for travel expenses to attend their sentencing on convictions of misdemeanor offenses related to the U.S. Capitol breach on January 6, 2021. In denying the motion, the court reasoned:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

*Id.* Defendant has failed to establish he is unable to pay for transportation to court for his stipulated trial or that granting the motion is in the interest of justice. First, Defendant's motion fails to provide the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into Defendant's ability to pay. In *Forest*, a defendant filed a motion under § 4285 for $48 in funds to pay for travel and reimbursement to attend an upcoming Rule 11 proceeding. *Forest*, 597 F. Supp. 2d at 164. Forest also supported her motion with documentation including a receipt that detailed Forest's social security

benefits and her "usual expenses." *Id.* at 166. The court in *Forest* found the information insufficient and denied the motion because Forest's motion was: (1) unsworn, (2) her list of expenses included a monthly item that Forest could forgo to pay for the travel, and (3) based on the minimal amount of funds needed to travel, "the Court would require a much more intensive analysis of her entire financial situation before it could conclude that she had met the burden contemplated by the statute." *Id.*

Here, Defendant has not provided the Court with any supporting documentation that would allow the Court to fulfill its obligation under § 4285 to conduct an appropriate inquiry into Defendant's ability to pay. On this basis alone, the Court should deny the motion. Additionally, Defendant, who is charged with Obstruction of an Official Proceeding, Destruction of Government Property, and other serious offenses, has failed to state why it is in the interests of justice that the Court grant his motion.

## CONCLUSION

WHEREFORE, for the above-stated reasons, the Court should deny Defendant's motion under 18 U.S.C. § 4285 for an order directing the U.S. Marshal Service to provide him with funds for noncustodial transportation and subsistence expenses from Auburn, Alabama to Washington, D.C. for his stipulated trial.[1]

---

[1] Although 18 U.S.C. § 4285 does not permit the relief Defendant requests based on Defendant's inadequate showing, some courts have found alternative ways to provide defendants with funds for transportation and lodging. *United States v. Badalamenti,* No. 84 CR. 236 (PNL), 1986 WL 8309 at *1-2 (S.D.N.Y. July 22, 1986) (finding that although § 4285 does not permit funds for subsistence during a trial, the trial lasting one year constituted an extraordinary circumstance and "fundamental fairness or due process" required the government to "provide either decent, non-custodial lodging or the cost of obtaining it."); *Nave,* 733 F. Supp. at 1003 (noting that in the absence of a congressional amendment to § 4285, indigent defendants "must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre–Trial Services Agency for lodging in some appropriate facility, such as a half-way house."); *United States v. Gundersen*, 978 F.2d 580, 584-585 (10th Cir. 1992)(holding the Pretrial Services

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ J. Hutton Marshall*
J. HUTTON MARSHALL
DC Bar No. 1721890
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20005
 (202) 252-6299
Joseph.hutton.marshall@usdoj.gov

JENNIFER M. ROZZONI
NM Bar No. 14703
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email: jennifer.m.rozzoni@usdoj.gov
Cell: (505) 350-6818

---

Act, 18 U.S.C. §§ 3152–3156, requires Pre-Trial Service to provide defendants unable to qualify under 18 U.S.C. § 4285 for funds used for transportation and lodging); *but see United States v. Mendoza,* 734 F. Supp. 2d 281,  285-287 (E.D.N.Y. 2010)(rejecting the reasoning in *Nave* that a half-way house may be an appropriate lodging for a defendant on pretrial release and the reasoning in *Gundersen* that the Pre-Trial Service Agency may arrange for funding and lodging as an overbroad reading of the § 4285 and holding instead that a defendant may access funds under an "admittedly tortured" reading of the Criminal Justice Act, 18 U.S.C. § 3006A, by a court order authorizing defense counsels to access judiciary funds to arrange for their clients transportation and lodging.).